(No. 3057—)

Percy Monahan, Claimant, vs. State of Illinois, Respondent.

*Opinion filed August 19, 1937.*

Leopold Saltiel, for claimant.

Otto Kerner, Attorney General; Murray F. Milne, Assistant Attorney General, for respondent.

Mr. Chief Justice Hollerich delivered the opinion of the court:

Claimant filed his complaint herein on February 18th, 1937, and alleges therein in substance that on March 23d, 1936 he was an inmate of the Illinois State Penitentiary at Joliet; that he was a member of the prison band, and on the last mentioned date was assembled with said band in the dining room of the penitentiary; that he was then and there in the exercise of all due care and caution for his own safety; that one of the guards stationed in said dining room carelessly, negligently and improperly handled a certain gun, whereby the same was discharged and the bullet therefrom struck the claimant in the leg, and as the result thereof he sustained serious and permanent injuries, for which he asks compensation.

The Attorney General has filed a motion to dismiss the claim on the ground that the doctrine of respondeat superior does not apply to the State in the operation of its penal institutions, and that therefore there is no liability on the part of the State for the injuries sustained by the claimant.

This court has repeatedly held that in the management and operation of its charitable and penal institutions, the

State is engaged in a governmental function, and has also repeatedly held that in the exercise of its governmental functions, the State is not liable for the negligence of its servants and agents under the doctrine of respondeat superior in the absence of a statute making it so liable. *Schwab* vs. *State,* 4 C. C. R. 77; *Burghardt* vs. *State,* 5 C. C. R. 221; *Pelka* vs. *State,* 6 C. C. R. 390; *Sturrock* vs. *State,* 7 C. C. R. 157; *Parks* vs. *State,* 8 C. C. R. 535; *Schaefer* vs. *State,* No. 1968, decided at the September, 1935, term of this court; *White* vs. *State,* No. 2859, decided at the May, 1936, term of this court; *Edward Shilkitis* vs. *State,* No. 2355, decided at the January, 1937, term of this court; *Henry F. Meyers* vs. *State,* No. 2782, decided at the present term of this court.

There being no liability on the part of the State if the State were suable, we have no authority to allow an award. *Crabtree* vs. *State,* 7 C. C. R. 207.

The motion of the Attorney General to dismiss the case must therefore be sustained. Motion to dismiss allowed. Case dismissed.